UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Gary Lipsey,

                    Petitioner,

       v.

Jeffrey A. Uttecht,

                    Respondent.

CASE NO. 3:19-cv-05547-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: October 11, 2019

      The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Gary Lipsey filed his federal habeas Petition on June 10, 2019 pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkts. 1, 7. The Court concludes Petitioner failed to properly exhaust his state court remedies as to all grounds raised in the Petition; however, a state remedy remains available to Petitioner. Therefore, the Court recommends the Petition be dismissed without prejudice. The Court also recommends denying all pending motions (Dkts. 11, 12, 14, 18) as moot without prejudice.

**BACKGROUND**

      Petitioner is in custody under a state court judgment and sentence imposed for his conviction by guilty plea for conspiracy to possess a controlled substance with intent to deliver

1    and unlawful use of a building for drug purposes. Dkt. 16, Exhibit 1. Petitioner was sentenced on

2    February 5, 2019. *Id.* Petitioner did not appeal his judgment and sentence in state court. *Id.*; Dkt.

3    7. Petitioner filed this Petition on June 10, 2019. Dkts. 1, 7.

4         Petitioner raises four grounds for relief all based on his claim he is unlawfully detained,

5    and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt.

6    7. On July 31, 2019, Respondent filed an Answer, wherein he asserts Petitioner has not properly

7    exhausted his available state court remedies. Dkt. 15. Respondent maintains the Petition should

8    be denied without prejudice for failure to exhaust state remedies. Dkt. 15.  Petitioner filed a

9    Traverse. Dkt. 19.

10                                **DISCUSSION**

11   **I.    Exhaustion**

12        "[A] state prisoner must normally exhaust available state judicial remedies before a federal

13   court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971).

14   Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a

15   meaningful opportunity to consider allegations of legal error without interference from the federal

16   judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state

17   courts one full opportunity to resolve any constitutional issues by invoking one complete round of

18   the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

19        Here, Petitioner challenges his 2019 judgment and sentence. Dkt. 7.  He acknowledges in

20   the Petition he has not filed a direct appeal and has not sought further review by a higher state

21   court. Dkt. 7. Because the state courts have not yet had a full and fair opportunity to consider the

22   merits of Petitioner's claims, the claims are unexhausted and therefore ineligible for federal

23

24

1    habeas review.[1] *See Schwartzmiller v. Gardner*, 752 F.2d 1341, 1349 (9th Cir. 1984) ("The

2    exhaustion of state remedies doctrine limits the issues a habeas corpus petitioner may raise in

3    federal court to the 'same claims' that are 'fairly' presented to the highest state court.").

4    ### II.    Available State Remedies

5            Respondent maintains there is a state remedy available, and thus, the Petition should be

6    dismissed without prejudice. Dkt. 15 at 3. If there is a state remedy available, Petitioner will need

7    to return to the state level to exhaust his claims. *See Johnson v. Lewis*, 929 F.2d 460, 464 (9th

8    Cir. 1991). "The appropriate time to assess whether a prisoner has exhausted his state remedies is

9    when the federal habeas petition is filed, not when it comes on for a hearing in the district court

10   or court of appeals." *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993).

11           Here, Petitioner has an available state remedy. Washington State imposes a one-year

12   statute of limitations on the filing of a personal restraint petition or other post-conviction

13   challenge. RCW § 10.73.090. In this case, Petitioner did not file a direct appeal, thus, his

14   judgment became final for purposes of state law on February 5, 2019, the date it was filed with

15   the clerk of the trial court. Dkt. 16, Exhibit 1; RCW § 10.73.090(3)(a). Petitioner has one year

16   from the date the judgment became final to file a petition or motion for post-conviction relief in

17   state court. *See* RCW § 10.73.090(1), (2), (3)(a).

18           In the Traverse, Petitioner contends it is not appropriate for him to exhaust his state

19   remedies because the Petition is a "[c]onstitutional challenge of state action" and the federal

20   district court has original jurisdiction. Dkt. 19 at 1-2.  The Court may consider an unexhausted

21   federal habeas petition if it appears "there is an absence of available State corrective process . . . or

22

23   _____

24           [1] Respondent acknowledges the Petition is not a mixed petition, and argues Petitioner failed to exhaust *all* his claims. Dkt. 15 at 4.

1   circumstances exist which render such process ineffective to protect the rights of the applicant." 28

2   U.S.C. 2254(b)(1)(B). However, Petitioner has not shown there is an absence of available state

3   corrective processes or that circumstances exist rendering any state process ineffective. Rather,

4   Petitioner appears to disagree with the exhaustion requirement and the state court's jurisdictional

5   authority. Accordingly, the Court finds Petitioner has not shown there are no state court remedies

6   available to him.

7       Petitioner failed to properly exhaust his state remedies and state remedies remain available

8   to him. Accordingly, the undersigned recommends the Petition be dismissed without prejudice.

9   *See Hill v. Hill*, 2001 WL 34727917 (D. Or. June 29, 2001).

10                              **EVIDENTIARY HEARING**

11      The decision to hold an evidentiary hearing is committed to the Court's discretion.

12  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a

13  hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

14  entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is

15  available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

16  state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not

17  entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

18  record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district

19  court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to

20  hold an evidentiary hearing in this case because, as discussed in this Report and

21  Recommendation, the Petition may be resolved on the existing state court record.

22                          **CERTIFICATE OF APPEALABILITY**

23      A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

24  court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

1    from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue

2    . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right."

3    28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason

4    could disagree with the district court's resolution of his constitutional claims or that jurists could

5    conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-*

6    *El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

7    No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or

8    would conclude the issues presented in the Petition should proceed further. Therefore, the Court

9    concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

10                                **OTHER PENDING MOTIONS**

11    Petitioner also filed a Motion to Compel Discovery of Information (Dkt. 11); Motion

12    Requesting the Court Rule on the Petition (Dkt. 12); Motion for Petitioner Initiated Summary

13    Judgment (Dkt. 14); and Second Motion for Petitioner Initiated Summary Judgment (Dkt. 18).

14    As discussed above, the Court concludes the Petition is unexhausted and recommends it be

15    dismissed without prejudice. Accordingly, the Court recommends all pending motions (Dkts. 11,

16    12, 14, 18) be denied without prejudice as moot.

17                                        **CONCLUSION**

18    The Court recommends the Petition be dismissed without prejudice. No evidentiary

19    hearing is necessary, and a certificate of appealability should be denied. All other pending

20    motions (Dkts. 11, 12, 14, 18) should be denied as moot without prejudice.

21    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

22    fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

23    6. Failure to file objections will result in a waiver of those objections for purposes of de novo

24

review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 11, 2019 as noted in the caption.

Dated this 18th day of September, 2019.

David W. Christel
United States Magistrate Judge